**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jelani Q. GHEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 31, 2005.

Filed Dec. 30, 2005.

1276

James K. Reed, Hagerstown, MD, for appellant.

John F. Nelson, III, Assistant District Attorney, Chambersburg, for Commonwealth, appellee.

Before: STEVENS, BOWES, and McCAFFERY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Jelani Q. Ghee, appeals from the judgment of sentence imposed on May 18, 2005, by the Franklin County Court of Common Pleas following his guilty plea to one count of aggravated assault.[1] Appellant asks us to determine whether the trial court committed an abuse of discretion in declining to return Appellant's case to the jurisdiction of the juvenile court without first holding a hearing to investigate whether Appellant's original request to transfer his case to the adult court had been knowingly and intelligently made, in light of the fact that the trial court lacked the benefit of any record of the initial juvenile proceedings. For the reasons set forth below, we are constrained to reverse the trial court's order and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this case are as follows.[2] Appellant was charged with aggravated assault

1. 18 Pa.C.S.A. § 2702(a)(1).

2. Summarized from the Trial Court Opinion, filed July 14, 2005.

and criminal conspiracy for an incident that occurred on August 1, 2004, in the Borough of Chambersburg, Pennsylvania, during which Appellant and three accomplices attacked and seriously injured the seventeen (17) year-old male victim. The victim suffered severe injuries, including puncture wounds to his abdomen, which necessitated treatment at the York Shock Trauma Unit. Appellant was seventeen (17) years old at the time of the attack.

¶ 3 Appellant's initial juvenile detention hearing took place on August 3, 2004, during which Appellant, based upon advice from his attorney, requested that his case be transferred to the adult court pursuant to 42 Pa.S.C.A. § 6355(c). The certified record on appeal does not contain a transcript of any testimony presented at the hearing.[3] After the court granted Appellant's request and certified him to be tried as an adult, Appellant pled guilty to aggravated assault, as a felony of the first degree, and the criminal conspiracy charge was *nolle prossed*. Subsequently, Appellant filed motions for withdrawal of his guilty plea and for appointment of new counsel, both of which were denied by the trial court. On April 20, 2005, Appellant filed a motion to remove the case from adult court and return it to the jurisdiction of the juvenile court. The motion was denied by the trial court without a hearing on the ground that Appellant had failed to set forth a fair and just reason for the requested transfer of jurisdiction. On May 18, 2005, Appellant was sentenced to a term of twenty-four (24) months to sixty (60) months of incarceration in a state correctional institution,[4] and was ordered to pay restitution in the amount of $24,950.20 to the victim. This timely appeal ensued in which Appellant raises the following issues for our review:

I. WHETHER THE LOWER COURT ERRED WHEN IT SUMMARILY DENIED APPELLANT'S MOTION TO RETURN HIS CASE TO THE JURISDICTION OF THE JUVENILE COURT WITHOUT GRANTING A HEARING TO TAKE TESTIMONY?

II. WHETHER THE LOWER COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO RETURN HIS CASE TO THE JURISDICTION OF THE JUVENILE COURT?

(Appellant's Brief at 4).[5]

■ ¶ 4 Specifically, Appellant alleges that: (a) his initial waiver of the matter into the adult court was not knowingly or intelligently made given his lack of knowledge of the criteria for certification to the adult court, and the possible consequences of such waiver; (b) he was denied due process when the trial court summarily denied his motion to transfer without giving him the opportunity for a hearing to establish the grounds for his motion; and (c) he was amenable to treatment as a juvenile especially in light of the fact that two of his accomplices were treated as juveniles. (Appellant's Brief at 7–11). Due to the deficiency of the record of the initial juvenile hearing, we are constrained to remand the case for a new certification hearing to determine whether Appellant's waiver into the adult court was knowing, voluntary and intelligent.

---

3. The trial court's three (3) page order of August 3, 2004, was transcribed by an official court reporter.

4. Because this sentence was within the mitigated range of the sentencing guidelines, Appellant was eligible for boot camp.

5. We note with regret that the Commonwealth has elected not to file a brief in this matter, and so we are without the benefit of its advocacy.

¶ 5 When evaluating the certification decision of the juvenile court, we are mindful that:

The Superior Court must not upset the certification decision of a juvenile court unless the court has either failed to provide "specific reasons for its conclusion that the juvenile is not amenable to treatment" or "the court committed a gross abuse of discretion." *Commonwealth v. Moss,* 518 Pa. 337, 341, 543 A.2d 514, 516 (1988) (quoting *Commonwealth v. Stokes,* 279 Pa.Super. 361, 367, 421 A.2d 240, 243 (1980)). The existence of facts in the record that would support a contrary result does not demonstrate a gross abuse of discretion. *Id.* at 341–42, 543 A.2d 514, 543 A.2d at 516. To rise to a level of gross abuse of discretion, the court rendering the adult certification decision must have misapplied the law, exercised unreasonable judgment, or based its decision on ill will, bias, or prejudice. *Commonwealth v. Rush,* 522 Pa. 379, 385 n. 1, 562 A.2d 285, 287 n. 1 (1989).

*Commonwealth v. Jackson,* 555 Pa. 37, 42, 722 A.2d 1030, 1032 (1999).

¶ 6 The transfer of juvenile matters to an adult court for prosecution is governed by statute, in pertinent part, as follows:

§ 6355. Transfer to criminal proceedings

(a) General rule.—After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this Commonwealth, the court before hearing the petition on its merits may rule that this chapter is not applicable and that the offense should be prosecuted, and transfer the offense, where appropriate, to the division or a judge of the court assigned to conduct criminal proceedings, for prosecution of the offense if all of the following exist:

(1) The child was 14 or more years of age at the time of the alleged conduct.

(2) A hearing on whether the transfer should be made is held in conformity with this chapter.

(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing.

(4) The court finds:

(i) that there is a prima facie case that the child committed the delinquent act alleged;

(ii) that the delinquent act would be considered a felony if committed by an adult;

(iii) that there are reasonable grounds to believe that the public interest is served by the transfer of the case for criminal prosecution. In determining whether the public interest can be served, the court shall consider the following factors:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:

(I) age;

(II) mental capacity;

(III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;

(V) previous records, if any;

(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;

(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;

(VIII) probation or institutional reports, if any;

(IX) any other relevant factors; and

(iv) that there are reasonable grounds to believe that the child is not committable to an institution for the mentally retarded or mentally ill.

(b) Chapter inapplicable following transfer.—The transfer terminates the applicability of this chapter over the child with respect to the delinquent acts alleged in the petition.

(c) Transfer at request of child.—The child may request that the case be transferred for prosecution in which event the court may order this chapter not applicable.

42 Pa.C.S.A. § 6355(a), (b) and (c).

¶ 7 The juvenile system inherently confers substantial benefits. For instance, the juvenile system's goal is to rehabilitate the juvenile on an individual basis without marking him or her as a criminal, rather than to penalize the juvenile. The juvenile is also shielded from publicity. He or she may be confined, but with rare exceptions, may not be jailed along with adults. He or she may be detained, but only until attaining the age of twenty-one (21) years. The child is also protected against consequences of adult conviction such as the loss of civil rights, the use of adjudication against him or her in subsequent proceedings, and disqualification for public employment. *Kent v. United States*, 383 U.S. 541, 557, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) (applying the District of Columbia Juvenile Court Act, which is similar to that of Pennsylvania). Therefore, the decision to forgo the substantial benefits conferred by the juvenile system is crucial and must be shared in a meaningful way by the juvenile. *See* 42 Pa.C.S.A. § 6355(c) (transfer from juvenile to criminal court may be requested by "child"). As with the forfeiture of any important right, such as a criminal defendant's right to trial by jury, right to counsel, *Miranda* rights and the privilege against self-incrimination, which must be knowing, voluntary and intelligent, the waiver of the special protections afforded by the juvenile system must also be knowing, voluntary and intelligent. *See* discussion *infra.*

¶ 8 An analogy may be drawn between a guilty plea and a juvenile's waiver into the adult court. In that respect, our Supreme Court has instructed:

Because a guilty plea is an admission of guilt and a waiver of several constitutional rights—including the right to trial by jury and the right against self-incrimination—it will be considered knowing, intelligent and voluntary under the Due Process Clause only if it constitutes " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). A plea is knowing, intelligent and voluntary under this standard if the defendant had an understanding of the nature of the charges against him, his right to a jury trial and the consequences of his plea. See *Boykin*, 395 U.S. at 243–244, 89 S.Ct. 1709, 23

L.Ed.2d 274; see also *Commonwealth v. Hines*, 496 Pa. 555, 437 A.2d 1180, 1182 (1981).... Although a plea colloquy is not constitutionally mandated, it is a means by which the trial court may make the constitutionally required determination that a defendant's guilty plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503, 504 (1973) (citing *McCarthy*, 394 U.S. at 465, 89 S.Ct. 1166, 22 L.Ed.2d 418).... Such a colloquy serves the additional purpose of creating a complete record at the time the plea is entered, upon which a reviewing court may determine whether the plea was entered knowingly and voluntarily....

*Commonwealth v. Flanagan*, 578 Pa. 587, 624–25, 854 A.2d 489, 512 (2004).

¶ 9 Indeed, our Supreme Court has previously addressed the procedural rights to be afforded a juvenile before a determination is made whether to transfer the proceedings from the jurisdiction of the adult criminal court to the jurisdiction of the juvenile court. *See Commonwealth v. Batty*, 482 Pa. 173, 393 A.2d 435 (1978) (endorsing the procedural rights of a juvenile enumerated by the U.S. Supreme Court in *Kent v. United States, supra*).[6] In *Batty*, the juvenile's petition for transfer from the criminal court to the juvenile court was denied by the trial court. Our Supreme Court upheld the denial because the opinion of the trial court included a summary of the crucial testimony and the considerations upon which the trial court based its transfer decision, all of which were amply supported by the record. Nonetheless, our Supreme Court explained in *Batty* that "in Pennsylvania, any juvenile at any waiver proceeding is entitled to the rights enumerated in *Kent, supra*" and that "[i]n order to try in a criminal court any person who might qualify as a juvenile, the waiver into such criminal court must be in a manner conforming to due process of law". *Batty, supra* at 181, n. 3, 393 A.2d 435, 393 A.2d at 439, n. 3 (citations omitted). Moreover as the Court also noted, the due process distinction between proceedings to transfer a matter from the criminal court to the juvenile court, as opposed to a transfer from the juvenile court to an adult court, was obviated in *Commonwealth v. Pyle*, 462 Pa. 613, 342 A.2d 101 (1975), where the Court stated that the same considerations apply in both settings. *Batty, supra.*

¶ 10 In the case *sub judice*, the trial court did provide specific reasons for its conclusion that Appellant was not amenable to treatment as a juvenile and its refusal to return Appellant's case to the jurisdiction of the juvenile court. (*See* Trial Court Opinion at 4–5). However, unlike *Batty*, where there was an ample record supporting the trial court's refusal to transfer the case to the juvenile court, instantly the trial court could not have made a valid transfer decision without first holding a hearing after Appellant challenged the knowing and intelligent nature

6. In *Kent*, the United States Supreme Court reviewed the special rights and immunities conferred on the juvenile in a juvenile adjudicatory proceeding under the District of Columbia Code §§ 11–907, 11–915, 11–927 and 11–929 (1961) (now §§ 11–1551, 16–2307, 16–2308, 16–2313, 11–1586 (Supp. IV 1965)), which are similar to the privileges conferred upon juveniles by the Pennsylvania Juvenile Act, and concluded that in view of the important procedures and benefits conferred, the decision whether to criminally prosecute the juvenile in the adult court is a "critically important" one. *Kent*, 383 U.S. at 560, 86 S.Ct. 1045. Therefore, before determining whether to transfer a juvenile, the youth is entitled to notice of the charges against him or her, to a counseled hearing where he or she may present evidence and cross-examine witnesses, access to social records and probation or similar reports, and a statement of reasons for the court's determination. *Kent, supra* at 557, 86 S.Ct. 1045.

of his waiver into the adult court. Although here it was the juvenile, Appellant, who initiated the transfer to the adult court, (again unlike *Batty*), we conclude that Appellant was nevertheless entitled to due process when he later alleged that his initial waiver into the adult court had not been knowingly or intelligently made.

¶ 11 The trial court opined that Appellant had made a "conscious and counseled decision" during the initial juvenile proceedings on August 3, 2004, to have his case transferred to the adult court pursuant to 42 Pa.C.S.A. § 6355(c). (*See* Trial Court Opinion at 4). Unfortunately, there is nothing in the record which could have supported the trial court's conclusion without its having conducted a more searching inquiry into whether Appellant's waiver had been made knowingly and intelligently. Not only is there no record of the advice provided to Appellant by his counsel because their communications are subject to attorney-client privilege, there was also no record created during the initial juvenile proceedings of the testimony of Appellant and his mother, or the colloquy that the juvenile court apparently engaged in with Appellant before satisfying itself that Appellant's waiver was being made knowingly, voluntarily and intelligently. Indeed, there is no record *whatsoever* of the initial juvenile proceedings on August 3, 2004. The only reference to the voluntary, intelligent and knowing nature of Appellant's waiver was in the statement made by the trial court in its August 3, 2004 order, but there is nothing of record to support this conclusion.[7] As such, without holding a hearing before refusing Appellant's motion to transfer the matter back to juvenile court, the trial court had no way to ascertain whether Appellant initially had been properly advised by his counsel regarding the special privileges afforded by the juvenile system, the criteria for certification to the adult court, and the possible consequences of waiving into the adult court before he made the "critically important" decision to ask that his case to be transferred to the adult court. Therefore, we conclude that the trial court has exercised unreasonable judgment and misapplied the law, and thus has committed a gross abuse of discretion, by denying Appellant's motion to return his case to the jurisdiction of the juvenile court without first conducting a hearing to take testimony to ensure that Appellant's waiver into the adult court conforms to due process of law and that Appellant's rights as enumerated in *Kent, supra* were safeguarded. Under such circumstances, it is our determination that Appellant deserves at least an opportunity for a hearing to present evidence to demonstrate the grounds upon which he maintains that the request to transfer his case to the adult court was not knowingly or intelligently made.

¶ 12 Based upon the reasons stated above, we reverse the trial court's May 18, 2005 order and remand for proceedings consistent with this opinion.

¶ 13 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

7. (*See* Trial Court Order, dated August 3, 2004, at 1–2) ("The juvenile by and through his counsel has requested that this matter be transferred to criminal court for further proceedings pursuant to 42 P.S.C.A., Section 6355(c). The Court has engaged the juvenile in colloquy and the Court is convinced that the juvenile has made the choice to request transfer voluntarily, intelligently and knowingly after an opportunity to consult with his counsel. The juvenile's mother is present during the proceedings and had nothing to offer.")