J-S22019-25

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GABRIEL BENITO ROBERT :
HERNANDEZ :
: No. 1338 MDA 2024
Appellant :

Appeal from the Judgment of Sentence Entered August 15, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-SA-0000161-2024

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY BOWES, J.: **FILED: OCTOBER 29, 2025**

Gabriel Benito Robert Hernandez has appealed *pro se* from the judgment of sentence imposed after the court convicted him of the summary offense of operating a vehicle with a suspended registration. Upon concluding that the trial court failed to properly serve Appellant with its Pa.R.A.P. 1925(b) order, we remanded to the court for an opinion addressing the issues stated in the Rule 1925(b) statement filed by Appellant on May 19, 2025. Among the errors Appellant raised was that the trial court conducted his *de novo* bench trial without providing reasonable accommodations pursuant to the Americans with Disabilities Act ("ADA"), such as by allowing a guardian to assist him.

_____

* Former Justice specially assigned to the Superior Court.

In accordance with our remand order, the trial court filed a new opinion. Therein, it addressed only the ADA-related claim of error, requesting that we vacate Appellant's sentence and conviction and remand for the court to schedule a hearing concerning Appellant's claimed need for ADA accommodations, after which it will conduct a new trial. **See** Trial Court Opinion, 9/8/25, at 1.

Appellant thereafter filed applications for relief in this Court presenting myriad arguments including, but not limited to, the following: (1) the trial court's failure to address his other claims of error are tacit admissions that they are meritorious; (2) conducting an ADA colloquy would be an improper collateral attack on an guardianship decree;[1] (3) the trial court should be referred to the Attorney General and Judicial Conduct Board; and (4) pursuant to Pa.R.Civ.P. 1029(b), the Commonwealth's failure to specifically deny averments in Appellants' applications amount to admissions.

Upon consideration of the foregoing, we hereby grant the trial court's request to vacate the judgment of sentence and remand for a new trial following an assessment of Appellant's ADA rights. **Accord Commonwealth v. Ghee**, 889 A.2d 1275, 1281 (Pa.Super. 2005) (vacating judgment of sentence and remanding for trial court to conduct hearing on whether

---

[1] The decree Appellant submitted to this Court, captioned as coming from the Court of Common Pleas of Lancaster County, is not signed by the judge and bears no stamp indicating that it was filed by the court.

- 2 -

defendant's rights were safeguarded); *cf. Commonwealth v. Shie*, 307 A.3d 668, 2023 WL 6878610 (Pa.Super. 2023) (non-precedential decision) (denying relief where the certified record revealed that the court provided the ADA accommodations requested by the defendant).

We reject Appellant's suggestion that the trial court has conceded the merit of any of his other claims of error by addressing only his ADA claim, concluding instead that a new trial grant moots them. Nor do we lend any credence to Appellant's claim that the Commonwealth has assented to any of the allegations in his filings in this Court, as the Rules of Civil Procedure have no bearing in this criminal case. We additionally deny the remainder of the claims raised in Appellant's pending applications without prejudice for him to present any non-frivolous issues raised therein, or in his Rule 1925(b) statement, to the trial court upon remand.

Applications for relief denied. Judgment of sentence and conviction vacated. Case remanded for further proceedings. Jurisdiction relinquished. Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2025